Nash, C. J.
 

 The plaintiff excepts only to that portion of his Honor’s charge which relates to the payment made by the plaintiff to the witness, Townsend. The latter had a life-estate in certain slaves, among whom was the negro Tom, the subject of this suit, and all of whom he sold to the plaintiff, as is alleged, at the price of $2,000, which was their value. The transaction had many of the usual badges of fraud, but was averred by the plaintiff to have been fair and
 
 bona ficle.
 
 Townsend was examined as a witness, and stated that though no money was paid to him, yet the price agreed on between him and the plaintiff was to be paid by the latter, in discharg
 
 *304
 
 ing debts of bis to that amount, and the plaintiff did discharge debts honestly due by Townsend to that amount, except about eighty dollars, for which he gave Townsend his note. The defendant justified taking the slave in question, under an execution against Townsend, alleging the sale to the plaintiff by him to have been fraudulent, and void as to creditors, he being, at the time, greatly indebted.”
 

 His Honor instructed the jury, in sizbstance, that as the defendant alleged that the sale t© the plaintiff was fraudulent, he must prove it, and after setting forth the apparent badges of fraud attending the transaction, he proceeds as follows: “ It must appear that the two thousand dollars was a fair price for the slaves, and that it was
 
 actually paid
 
 by the plaintiff, otherwise the action could not be supported, but would be fraudulent as to creditors,” and closes Ms charge by instructing the jury “that it ivas imposed as a burthen upon the plaintiff, in view of the facts recited, to prove that he had
 
 actually
 
 paid the purchase-money for the slaves, a®d failing to-do so, the defendant would be entitled to a verdict.
 

 It is very certain the alleged sale of the slaves by Townsend had many, if not all, the usual badges of fraud. Fraudulent, however, as it apparently was, it was open to the plaintiff to show, if he could-,, that the transaction was a fair and
 
 tona fide
 
 one. He was at liberty to show that the price agreed on was the full value of the slaves, and that he had paid that price. Townsend, whose testimony was received without objection, swore that the price of the slaves was to be dischared by paying debts due by him, audit ivas proved that the plaintiff had paid debts of Townsend to the amount of $1,920, leaving unpaid the small sum of $80, for which he gave Townsend his note. It was proved that the interest of Townsend in the slaves, at the time of the conveyance, was worth $2,000. His Honor committed no error in charging the jury that it was incumbent on the plaintiff" to show that he had paid the purchase-money; but we think he erred in charging them that from it they might rightfully infer that if any part of the price, however small, was unpaid, the price had not been ac
 
 *305
 
 tually paid. Such must have been the impression produced on the minds of the jury; for there is no suggestion that the plaintiff had not paid to the creditors of Townsend $1,920 ofit of the $2,000 ; nor was there any question made that the claims so paid by him were not fairly and honestly due from Townsend, His Honor ought to have instructed the jury as to the $80, that the deficit in the non-payment of so small a part of so large a sum, ought bot to deprive the plaintiff of the benefit resulting from the payment actually made by him, if they were satisfied of the
 
 bona fides.
 
 Believing that this point was not placed before the jury in its proper light, and that injustice may have resulted to the plaintiff from the error, we think he is entitled to have his case examined by another j ury.
 
 Venire de novo.
 

 Pee CueiaM. Judgment reversed.